**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00580-MSK-MEH

NAVIGATORS INSURANCE COMPANY, and
NAVIGATORS SPECIALTY INSURANCE COMPANY

     Plaintiffs,

v.

STEVEN A. HANSEN,
HANSEN CONSTRUCTION, INC.,
VAUGHAN COUNTS,
THISHA McBRIDE,
CHARLIE LAWSON,
SARAHLIZ LAWSON,
STEPHANIE MOSHER,
STEVEN NEW
KORI NEW,
CRAIG WILLIS,
PAMELA WILLIS,
HELEN KORNREICH,
KURT KORNREICH,
KORNREICH 1981 TRUST, THE
JAMES VIDAKOVICH REVOCABLE TRUST
JAMES VIDAKOVICH,
GARY GRAY,
MICHAEL CRYAN
BRIAN ALONGE,
ANDRE PONTIN,
JULIE PONTIN,
PATRICK M. NESBITT,
DAVID ICE,
LISA ICE,
RICHARD MOORE,
DANIEL HOCK,
TONI HOCK,
J. CHRISTINE AMINI,
NEIL ROSS,
SOHRAB AMINI,
SOHRAB AMINI TRUST, the,
JOSEPH DAVIS,
KRISTIN DAVIS,
TINA ROCHOWIAK,

MICHAEL ROCHOWIAK,
MARTIN ROCHOWIAK,
JAMIE PROUGH,
CHADWICK MISKSCHL, and
SARAH MISKSCHL,

      Defendants.

---

## AMENDED SCHEDULING ORDER

---

This Court entered a Scheduling Order (ECF #19) on June 4, 2015. On October

26, 2015, Plaintiffs and Defendants Steven A. Hansen and Hansen Construction, Inc.

filed a joint motion to bifurcate discovery and certain other pre-trial proceedings, (ECF

#30), which this Court granted (ECF #33).  This Amended Scheduling Order is entered

pursuant to this Court's Minute Order (ECF #33) bifurcating discovery and certain other

pre-trial proceedings in this action.

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling/Planning Conference was held on June 4, 2015.

Nancy L. Pearl of Pearl Schneider LLC, 999 18th Street, Suite 1850, Denver, CO

80202 appeared in person on behalf of Plaintiffs.

Thomas W. Henderson of Burg Simpson Eldredge Hersh & Jardine, PC, 40

Inverness Drive East, Englewood, CO  80112 appeared in person on behalf of the

homeowner defendants (all individual defendants except Defendants Steven A. Hansen

and Hansen Construction, Inc.) (collectively referred to as "Homeowner Defendants")

Dennis Polk of Holley Albertson & Polk, PC, 1667 Cole Blvd., Bldg. 19, Suite

100, Golden, CO  80401 appeared in person on behalf of Defendants Steven A. Hansen

and Hansen Construction, Inc. (collectively referred to as "Hansen Defendants")

## 2.  STATEMENT OF JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1) as each of the Plaintiffs are citizens of different states than each of the Defendants (complete diversity among the parties) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

**a.  Plaintiffs:**  Plaintiff Navigators Specialty Insurance Company ("NSIC") issued the following commercial general liability insurance policies to Hansen Construction, Inc. ("HCI") as the named insured: Policy No. CE08CGL011224-00, effective for the policy period of 04/01/08 – 04/01/09 ("Primary Policy No. 1"); Policy No. CE08CGL011224-01, effective for the policy period of 04/01/09 – 04/01/10 ("Primary Policy No. 2"); Policy No. CE10CGL011224IC, effective for the policy period of 04/01/10 – 04/01/11 "Primary Policy No. 3"); Policy No. CE11CGL011224IC, effective for the Policy Period of 04/01/11 – 04/01/12 ("Primary Policy No 4"). Primary Policies Nos. 1-4 will be referred to herein collectively as the "Primary Policies."). Plaintiff Navigators Insurance Company ("NIC") issued the following policies of excess liability insurance to HCI, as the named insured Policy No. SE08EXC463538NV, effective for the policy period of 04/01/08 – 04/01/09 (Excess Policy No. 1"); Policy No. SE09EXC463538NV, effective for the period of 04/01/09 – 04/01/10 ("Excess Policy No. 2"); Policy No. E10EXC463538IV, effective for the period of 04/01/10 – 04/01/11 ("Excess Policy No. 3"). "Excess Policies Nos. 1-3 will be referred to herein collectively as the "Excess Policies."

The Homeowner Defendants served various Notices of Claim on the Hansen Defendants regarding damages they allege exist in their homes located in Glenwood

Springs, Colorado.  Thereafter, the Homeowner Defendants filed a construction defect lawsuit against the Hansen Defendants and others, including Ironbridge Homes, LLC and Dirk Gosda, alleging that the Homeowner Defendants sustained damage to their homes ("Underlying Litigation").  The claims asserted against the Hansen Defendants, Ironbridge Homes, LLC and Dirk Gosda were arbitrated in January of 2015.  The arbiter entered an Order on Interim Award in the Homeowner Defendants' favor on March 19, 2015.  The arbiter entered an Order on Final Awards in the Homeowner Defendants' favor on June 3, 2015.  On or about October 7, 2015, the Garfield County District Court entered judgments on the arbitration awards.  On October 20, 2015, the Hansen Defendants, Ironbridge Homes, LLC and Dirk Gosda, tendered into the registry of the court in the Underlying Litigation an amount intended to satisfy the judgments against Hansen Defendants, Ironbridge Homes, LLC and Dirk Gosda on the two arbitration awards.  On October 22, 2015, the Garfield County District Court entered an Order approving the deposit of funds in and ordering disbursement of those funds from the registry of the court in the Underlying Litigation.  The Homeowner Defendants filed separate Acknowledgments of Satisfaction of Judgments in the Underlying Litigation on October 26, 2015 acknowledging full satisfaction of the judgments entered against the Hansen Defendants, Ironbridge Homes, LLC and Dirk Gosda.

Navigators provided the Hansen Defendants with a defense to the Underlying Litigation, subject to a reservation of rights and partial denial of coverage under the Primary Policies.  Navigators now seeks a declaration from this Court that it has no duty to indemnify the Hansen Defendants under the Primary Policies for the Underlying Litigation and the arbitration awards and subsequent judgments on the awards because:

a. The property damage at issue was not caused by an "occurrence" as required for coverage under NSIC Primary Policies Nos. 1, 2 and 3;

b. The property damage as issue was known by HCI and Hansen prior to the inception of NSIC Primary Policy Nos. 2, 3 and 4;

c. The Prior Work Exclusion in NSIC Primary Policy Nos. 1 and 2, and the Prior And Abandoned Work Exclusion in NSIC Primary Policy No. 3, preclude coverage because the property damage at issue arose out of and/or related to work completed by an insured prior to the inception date of the those policies;

d. The "Exclusion-Contractors-Professional Liability" Endorsement in NSIC Primary Policy Nos. 1 and 2, and the "Exclusion-Engineers, Architects Or Surveyors Professional Liability" Endorsement in NSIC Primary Policy No. 3, preclude coverage because the property damage at issue arose out of or resulted from a rendering or failure to render any professional services;

e. The unnamed joint venture language in Section II in the NSIC Primary Policies preclude coverage for property damage arising out of, related to, or connected with services or work performed by Hansen or HCI as part of a joint venture with LB Rose Ranch or any other individual or entity;

f. Hansen is only an insured under the NSIC Primary Polices to the extent he is found liable as an "executive officer" and/or director of HCI;

g. Economic damages and non-economic damages for annoyance, discomfort, inconvenience, aggravation and loss of use and enjoyment of the Homes do not meet the definition of "property damage;"

    h.  Emotional distress damages do not meet the definition of "bodily injury."

NIC seeks a declaration from this court that it does not have a duty to indemnify the Hansen Defendants for the Underlying Litigation and the arbitration awards and subsequent judgments under the Excess Policies because:

    a.  The "controlling underlying insurance" does not apply to the "loss;"

    b.  Economic damages and non-economic damages for annoyance, discomfort, inconvenience, aggravation and loss of use and enjoyment of the Homes do not meet the definition of "loss";

    c.  Damages for emotional distress do not meet the definition of "loss";

    d.  Any loss was not caused by an "event";

    e.  The exclusion for loss which commenced prior to the policy period, whether or not such loss continues, progresses, changes or resumes during the policy period, applies to this loss and precludes coverage under NIC Excess Policies Nos. 2 and 3;

    f.  Coverage is precluded under the Prior Work Exclusions in NSICS Primary Policies Nos. 1 and 2 and the Prior Or Abandoned Work Exclusion in NSIC Primary Policy No. 3, there is no coverage under the NIC Excess Policies;

    g.  Coverage is precluded under the Exclusion-Contractors-Professional Liability" Endorsement in NSIC Primary Policies No. 1 and 2, and the "Exclusion-Engineers, Architects Or Surveyors Professional Liability" Endorsement in NSIC Primary Policy No. 3, there is no coverage under the NIC Excess Policies;

h.  The unnamed joint venture language in the NSIC Primary Policies preclude coverage for property damage arising out of, related to, or connected with services or work performed by Hansen or HCI as part of a joint venture with LB Rose Ranch or any other individual or entity, and thus, any such unnamed joint venture is not insured under the NIC Excess Policies; and,

i.  Hansen is only an insured under the NSIC Primary Polices, and thus, the NIC Excess Policies, to the extent he is found liable as an "executive officer" and/or director of HCI.

j.  The Excess Policies are excess over any other insurance available to the insured except insurance specifically purchased to apply in excess of the Excess Policies.

**b.   Homeowner Defendants:**

Plaintiffs and the Homeowner Defendants have agreed that the Homeowner Defendants will be dismissed from this action in exchange for their agreement that: 1) the parties will file a Stipulated Motion to Dismiss Homeowner Defendants With Prejudice and Stipulation Regarding Agreement by the Homeonwer Defendants Regarding Plaintiffs' Primary and Excess Insurance Policies, by which the Homeowner Defendants  will agree that they will not garnish Plaintiffs' Primary Policies or Excess Policies in connection with the Underlying Litigation, including the arbitration awards, the subsequent judgments entered on the arbitration awards and the jury verdict against LB Rose Ranch, LLC, and any ultimate judgment entered on that jury verdict; the Homeowner Defendants' will respond to certain of Plaintiffs' interrogatories and requests for production of documents in Plaintiffs' First Set of Interrogatories and

Request for Production of Documents by November 20, 2015; and all parties will stipulate to move to dismiss with prejudice the Homeowner Defendants from this lawsuit pursuant to Fed. R. Civ. P. 41(a)(1)(ii).

**c.    Hansen Defendants:**

1.  Hansen Defendants generally dispute the allegations and claims made by the Plaintiffs in this matter and specifically assert and contend that there is coverage provided in each of the insurance policies.  Further, not all of the policies have the same or like exclusions.   In addition, NIC is also an excess insurance carrier in all of the pertinent years.

2.  The Underlying Litigation and related arbitration alleges a variety of construction defect claims. It is alleged that certain of the damages were progressive and continuous.

3.  Hansen Defendants have asserted counterclaims in this matter essentially alleging claims for declaratory relief, breach of insurance contract, common law bad faith and statutory bad faith.

4.  Hansen Defendants claim that Plaintiffs had a duty of defense and indemnity obligations arising under the Primary Policies and Excess Policies (collectively, the "Navigators Policies") which provided coverage for the nature of the claim sought in the Underlying Litigation and related arbitration proceeding.  It is the Hansen Defendants' position that Plaintiffs have not properly construing the Navigators Policies and that the claimed exclusions are not applicable to the facts and circumstances in the Underlying Litigation.

5.   Hansen Defendants also assert that Plaintiffs carrier had the obligation to attempt to settle and resolve these claims and protect their insureds.  The Plaintiffs failed to meaningfully participate or offer sufficient amounts to obtain indemnity for the insureds. That the basis upon which liability was determined in the Underlying Litigation and related arbitration does not fall within any of the policy exclusions contained within the insuring agreement of the Navigators Policies.

6.  The insurance policies must be interpreted in Colorado under these circumstances to effectuate the reasonable expectations of the insured.

7.  In construing the so called exclusions to coverage the insurance policy must be interpreted in such a fashion as to effectuate the reasonable expectations of the insured and cannot be expanded beyond the clear statement of such exclusions.

8.  Certain of the exclusions upon which the Plaintiffs rely are in violation of and are contrary to the controlling Colorado statutes, including the Construction Insurance Reform Act of 2010.

9.  Certain of the claimed exclusions violate the public policy of the State of Colorado in attempting to exclude or prevent coverage.

10.   It is the nature of a construction defect claim that damages are progressive and continuous and that the exclusions do not avoid the insurance carrier's obligation to provide indemnity for all or portions of the claimed damages.

11.   The Plaintiffs have violated both contractual and common law duties owed to the insured causing damage to the insured.

12.   The Plaintiffs did not properly investigate the Underlying Litigation in such a fashion as to preclude injury to the insured.

13.   The Plaintiffs have violated the provisions of the "Unreasonable delay and denial" provisions of controlling Colorado statutes, including C.R.S. 6-3-1115, 1116.

14.   The Plaintiffs have engaged in bad faith conduct entitling the Hansen Defendants to damages as provided by statute, double damages together with all costs and attorneys' fees incurred in connection with the prosecution and defense of this proceeding.

15.   The Plaintiffs have not properly reserved the right to assert certain of the claims or assertions made in this proceeding.

16.   The assertion of certain claims and the assertion of certain exclusions and defenses in this case including the assertion that the subject claims are "not an occurrence" is a further indicia of continuing bad faith conduct.

17.   The Plaintiffs have improperly asserted certain rights to reserve rights and make claims in this proceeding that are not recognizable as a matter of law in Colorado.

18.   In general the conduct of the insurance carriers in this action represents continuing acts of bad faith conduct and the failure to exercise and protect the insured from risk of harm constitutes a breach of the insuring agreement and is both statutory and common law bad faith conduct.

19.   Hansen Defendants have received at least one demand for indemnification from another party to the Underlying Litigation, LB Rose Ranch, LLC and/or its insurer(s). Hansen Defendants believe the Navigators Policies may be obligated to respond to any claim for defense and/or indemnity made to Hansen Defendants by LB Rose Ranch, LLC.

d.   Plaintiffs' Defenses to Hansen Defendants' Counterclaims:

As for the Hansen Defendants' claim for declaratory relief, Plaintiffs assert that there is no coverage under the Policies for the Underlying Litigation for the same reasons set forth in Plaintiffs' Complaint as stated above in paragraph a., and as set forth in Plaintiffs' Answer to the Counterclaims.  Plaintiffs deny the general allegations of the Hansen Defendants' Counterclaims for bad faith, breach of contract and undue delay and denial and, in addition to their coverage based defenses, as set forth in paragraph a. above, and in Plaintiffs' Answer to the Counterclaims, assert the following defenses: Hansen Defendants' Counterclaims fail to state a claim upon which relief can be granted; Hansen Defendants' Counterclaims may be barred, in whole or in part, due to their failure to mitigate damages, if any; 3) The Hansen Defendants' Counterclaims may be barred, in whole or in part, due to the application of one or more equitable doctrines, including but not limited to, unclean hands, waiver, laches, and estoppel; Hansen Defendants' Counterclaims may be barred, in whole or in part, by a right of setoff;  Hansen Defendants' Counterclaims are barred and/or limited by Colorado statutes, code and Colorado case law; Hansen Defendants' may be barred from recovery of damages in whole or in part pursuant to the collateral source doctrine as set forth in C.R.S. §13-21-111.6, if all or part of the judgment is satisfied;  any claim for non-economic damages is barred or limited by C.R.S. § 13-21-102.5; Plaintiffs have not unreasonably delayed or denied payment of a covered benefit without a reasonable basis; Coverage for Hansen Defendants is fairly debatable.

### 4.     UNDISPUTED FACTS

The following facts are undisputed:

1.      Plaintiff NSIC issued the following policies of general liability insurance to HCI, as the named insured:

    a.  Policy No. CE08CGL011224-00, effective for the policy period of 04/01/08 – 04/01/09;

    b.  Policy No. CE08CGL011224-01, effective for the policy period of 04/01/09 – 04/01/10;

    c.  Policy No. CE10CGL011224IC, effective for the policy period of 04/01/10 – 04/01/11;

    d.  Policy No. CE11CGL011224IC, effective for the Policy Period of 04/01/11 – 04/01/12.

2.      Plaintiff NIC issued the following policies of excess liability insurance to HCI, as the named insured:

    a.  Policy No. SE08EXC463538NV, effective for the policy period of 04/01/08 – 04/01/09;

    b.  Policy No. SE09EXC463538NV, effective for the period of 04/01/09 – 04/01/10;

    c.  Policy No. SE10EXC463538IV, effective for the period of 04/01/10 – 04/01/11.

3.      The Homeowner Defendants filed the Underlying Litigation against the Hansen Defendants on May 14, 2010.

4.      An Interim Arbitration Award was issued by arbiter Joel A. Kolodny on March 19, 2015, finding in favor of the Homeowner Defendants and against the Hansen Defendants, Ironbridge Homes, LLC and Dirk Gosda.

5.      An Order on Final Awards was issued by arbiter Joel A. Kolodny on June 3, 2015 entering awards for attorneys' fees and costs in favor of the Homeowner Defendants.

6.      On or about October 7, 2015, the Garfield District Court entered orders confirming the arbitration awards and entering judgments on those awards against the Hansen Defendants, Ironbridge Homes, LLC and Dirk Gosda, and in favor of the Homeowner Defendants.

7.      On October 20, 2015, Hansen Defendants tendered into the registry of the court in the Underlying Litigation the amount of $9,218,911.60, intended to satisfy the judgments against Hansen Defendants, Ironbridge Homes, LLC and Dirk Gosda on the two arbitration awards and subsequent judgments on those awards.

8.      On October 22, 2015, the Garfield County District Court entered an Order approving the deposit of funds in and ordering disbursement of those funds from the registry of the court in the Underlying Litigation.

9.      The Homeowner Defendants filed separate Acknowledgments of Satisfaction of Judgments in the Underlying Litigation on October 26, 2015.

## 5.      COMPUTATION OF DAMAGES

a.      **Plaintiffs:**  Plaintiffs seeks declaratory relief.  Specifically, Plaintiffs seek a ruling that they do not have a duty to indemnify the Hansen Defendants under the Primary Policies or the Excess Policies issued to HCI in connection with the Awards/Judgment in the arbitration proceeding captioned as *Jamin Cook, et. al. v. Irongbridge Homes, LLC, et. al.*

b.      **Hansen Defendants:**   Hansen Defendants seek a declaratory judgment that the Arbitration Awards/Judgment are covered by the Navigators Policies. In addition,

Hansen Defendants claim damages in an amount to fully indemnify them from the Underlying Litigation and related arbitration, including but not limited to the following:

1.  Payment to satisfy judgments entered on the arbitration awards.......... $9,218,911.60

2.  Annoyance and inconvenience (Steve Hansen) ............................. To be determined

3.  Lost use of funds (Steve Hansen).................................................... To be determined

4.  Moratory interest (Steve Hansen) .................................................... To be determined

5.  Statutory damages pursuant to C.R.S. § 10-3-1116 ........................ To be determined

In addition to damages, Hansen Defendants claim pre-judgment and post-judgment interest, costs and attorney's fees.

The amounts of certain of Hansen Defendants' damages have not yet been quantified but will be updated as and when appropriate.

**c.   Homeowner Defendants**:  The Homeowner Defendants anticipate being dismissed from this action as stated in paragraph c. in Section 3. STATEMENT OF CLAIMS AND DEFENSES of this Amended Scheduling Order.

### 6.   REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)

**a.    Date of Rule 26(f) Meeting:**  May 22, 2015.

**b.    Names of each participant and party he/she represented:**

1.    Nancy L. Pearl of Pearl Schneider LLC, 999 18th Street, Suite 1850, Denver, CO  80202 on behalf of Plaintiffs.

2.    Thomas W. Henderson of Burg Simpson Eldredge Hersh Jardine PC, 40 Inverness Drive East, Englewood, CO  80112 on behalf of the Homeowner Defendants.

3.      Dennis Polk of Holley Albertson & Polk, PC, 1667 Cole Blvd., Bldg. 19, Suite 100, Golden, CO  80401 on behalf of Hansen Defendants.

**c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

All parties have made their Rule 26(a)(1) disclosures.

**d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**

The parties served their Rule 26(a)(1) disclosures on or before June 30, 2015.

**e.      Statement concerning any agreements to conduct informal discovery:**

At this time, there have been no agreements to conduct informal discovery. Extensive discovery was previously undertaken in the Underlying Lawsuit, and as such, the parties agree to work together to conduct informal discovery.

**f.      Statement concerning any other agreements of procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:**

The parties have no current agreement regarding the use of a unified exhibit numbering system, but will work together to adopt procedures that will reduce discovery and other litigation costs.

**g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:**

The parties acknowledge their obligations as to electronically stored information, but do not expect that this matter will involve extensive discovery of electronically stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

h.   **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:**

The parties acknowledge their duty to discuss settlement and will endeavor to continue to do so as this case develops.

## 7.   CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.   DISCOVERY LIMITATIONS

a.   **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:**

Plaintiffs and the Hansen Defendants have agreed on a separate motion (ECF #30), and this Court has approved (ECF #33), bifurcation of the discovery in this case into two phases as set forth in Section (**9**) **CASE PLAN AND SCHEDULE** of this Amended Scheduling Order.  The Case Plan and Schedule concerns only Phase One.

Plaintiffs were allowed up to ten depositions in the prior Scheduling Order, plus the depositions of any specially retained experts designated pursuant to this Amended Scheduling Order; and to serve up to twenty-five (25) interrogatories, including discrete subparts, on any other party.

In addition to the ten depositions previously allowed, Plaintiffs may also require the depositions of the homeowners in Phase One for the following reasons:  There were 20 homes at issue in the Underlying Litigation; Plaintiffs were precluded from attending the arbitration proceedings, and Plaintiffs were only recently allowed to have access to the transcripts from the arbitration proceedings (which will be provided to Plaintiffs on or about November 25, 2015).  Thus, Plaintiffs have not been allowed to review the testimony of the Homeowner Defendants to determine if their depositions will be

necessary.   Although Plaintiffs are hopeful that it will not be necessary to take depositions of the homeowners, at this point, with the Homeowner Defendants being dismissed for this action, Plaintiffs need to be allowed the opportunity to depose the owners of the 20 homes.  Hansen Defendants do not object to the number of Plaintiffs' proposed depositions.

The Hansen Defendants may each take up to ten depositions in Phase One, plus the depositions of any specially retained experts designated pursuant to this Supplemental Scheduling Order; and may serve up to twenty-five (25) interrogatories, including discrete subparts, to any party grouping.

**b.     Limitations which any party proposes on the length of depositions.**

No deposition shall exceed 7 hours in length without agreement of the party noticing the deposition and the party defending the deposition, or a court order.

**c.     Limitations which any party proposes on the number of requests for production and/or requests for admission:**

The parties agree that each party shall be entitled to 25 Requests for Production and 25 Requests for Admission with up to an additional 50 requests for admission regarding document authentication.

**d.     Other Planning or Discovery Orders:**

The Homeowner Defendants anticipate being dismissed from this case but have agreed to respond to Plaintiffs' First Set of Interrogatories and Request for Production of Documents, specifically, Interrogatory Nos. 1, 2, 3, 4, 5, and 7 and Requests for Production Nos. 3, 4 and 5, by November 20, 2015.

## 9.      CASE PLAN AND SCHEDULE

Plaintiffs and the Hansen Defendants have agreed that this case will be divided into two phases for purposes of pretrial proceedings.  Phase One will be devoted to the issue of whether Navigators owes any duty to the Hansen Defendants to indemnify them for the with respect to the Underlying Litigation and related arbitration.  Discovery in Phase One will be limited to the coverage aspects of the case.   After the completion of discovery in Phase One, Plaintiffs anticipate filing a dispositive motion on the coverage issues.  If the Court denies Plaintiffs' dispositive motion, another Scheduling Conference will be convened at which time the parties will submit a plan for the Phase Two of the case, which will entail the completion of discovery, disclosure of experts, and the filing of further dispositive motions (if allowed by the Court) and setting of a Final Pretrial Conference for a single trial on all pending claims.   Plaintiffs and Hansen Defendants believe these deadlines are reasonable and necessary under the circumstances.

a.      **Deadline for Joinder of Parties and Amendment of Pleadings:**

July 13, 2015 (this deadline has not been modified);

b.      **Discovery Cut-off:**

The parties agree that discovery cutoff as to factual information for Phase One is April 15, 2016;

The parties agree that discovery cutoff as to experts for Phase One is May 16, 2016.

The parties agree that that the Dispositive Motion Deadline for Phase One is June 15, 2016.

    **d.**     **Expert Witness Disclosure:**

Expert witnesses in Phase One will be limited to experts that may be necessary for the resolution of the coverage issues. The parties agree that each side may have up to three expert witnesses on the coverage issues.

    iii. The parties shall designate all affirmative experts for Phase One and provide opposing counsel with all information for those experts specified in Fed. R. Civ. P. 26(a)(2) on or before: March 1, 2016.

    iv. The parties shall designate all rebuttal experts for Phase One and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) for those experts on or before: April 1, 2016.

    **e.**     **Identification of Persons to Be Deposed:**

The arbitration transcript from the Underlying Lawsuit was the subject of a protective order. The arbiter entered an order dated October 20, 2015, allowing the parties to this insurance coverage action to have access to the transcripts of the arbitration proceeding. Therefore, the parties are not in a position to determine what, if any, depositions will be needed in Phase One. At this time, the parties anticipate the following depositions:

| Name of Deponent | Time and date of Deposition | Expected Length of Deposition |
|---|---|---|
| Rule 30(b)(6) representative(s) of Plaintiffs | TBD | 7 hours |
| Rule 30(b)(6) representatives of Defendant Hansen Construction | TBD | 7 hours |
| Steve Hansen | TBD | 7 hours |
| Dirk Gosda | TBD | 7 hours |

| The homeowners' experts in the Underlying Lawsuit | *TBD* | 7 hours |
|---|---|---|
| Each individual homeowner, if necessary | *TBD* | 7 hours |

**f.     Deadline for Interrogatories:**

All written discovery must be served so that responses are due on or before the

Phase One fact discovery cut-off.

**g.     Deadline for Requests for Production of Documents and/or Admissions:**

All written discovery must be served so that responses are due on or before the

fact discovery cut-off.

## 10.     DATES FOR FURTHER CONFERENCES

a.     Status conferences will be held in this case at the following dates and

times: _____.

b.     Chief Judge Krieger will hold the final pretrial conference in this case;

accordingly, the Final Pretrial Conference currently set before this Court on June 13,

2016 is **vacated**.

## 11.     OTHER SCHEDULING MATTERS

**a.     Identify those discovery, or scheduling issues, if any, on which counsel after good faith effort, were unable to reach an agreement:**

None at this time.

**b.     Anticipated length of trial and whether trial is to the court or jury:**

Plaintiffs submit that the coverage issues may be determined on a motion for

summary judgment and Plaintiffs have not requested a jury trial at this time.  If the Court

denies Plaintiffs' motion for summary judgment, another Scheduling Conference will be

convened at which time the parties will provide their views on the anticipated length of

trial and whether trial will be to the Court or to a jury. Hansen Defendants do not believe

the coverage issues are susceptible of determination on summary judgment. Hansen

Defendants have demanded a jury trial on all issues and claims.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado:**

Not applicable.

## 12.   NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR. 6.1D., by submitting proof that a copy of the motion has been served

upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the

trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.L.CivR

7.1A.

Counsel and unrepresented parties are reminded that any change of contact

information must be reported and filed with the Court pursuant to the applicable local

rule.

## 13.   AMENDMENTS TO THIS SCHEDULING ORDER

The scheduling order may be amended only upon a showing of good cause.

Dated this 17th day of November, 2015, in Denver, Colorado.

BY THE COURT:

_s/Michael E. Hegarty_____
Michael E. Hegarty
United States Magistrate Judge

Respectfully submitted,

| | |
|---|---|
| /s/ Nancy L. Pearl<br>_____<br>Nancy L. Pearl<br>Pearl Schneider LLC<br>999 Eighteenth Street, Suite 1850<br>Denver, CO 80202<br>Phone: (303) 515-6800<br>Fax: (303) 515-6850<br>npearl@pearlschneider.com<br>*Attorney for Plaintiffs* | /s/ Thomas W. Henderson<br>_____<br>Thomas W. Henderson<br>Burg Simpson Eldredge Hersh& Jardine, P.C.<br>40 Inverness Drive East<br>Englewood, CO 80112<br>Phone: (303) 792-5595<br>Fax: (303) 708-027<br>thenderson@burgsimpson.com<br>*Attorney for Homeowner Defendants* |
| /s/ Eric E. Torgersen<br>_____<br>Eric E. Torgersen<br>Holley, Albertson, & Polk, P.C.<br>1667 Cole Boulevard, Suite 100<br>Lakewood, Colorado 80401<br>Phone: 303-233-7838<br>Fax: 303-233-2860<br>eet@haplaw.net<br>*Attorneys for Hansen Defendants* | |